# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | Case No.  CR-21-323-F |
| ) | |
| **MATTHEW WARE,** ) | |
| ) | |
| **Defendant.** ) | |

# ORDER ON EVIDENTIARY MOTIONS

A. Government's Consolidated Motion in Limine (doc. no. 21).

Jury nullification.  The motion is **DENIED** on this point.  The court is confident that lead defense counsel, a respected member of the bar of this court, will not be tempted to suggest jury nullification–which would be a bad move for several reasons, not the least of which is that the court would promptly and emphatically disabuse the jury of any notion that nullification is an option.

Potential punishment.  For the same reasons, the motion is **DENIED** on this point.

State's decision not to bring charges.  The motion is **PROVISIONALLY GRANTED**[1] on this point.  The state's decision to decline charges is entirely

---

[1] Rulings on motions in limine are almost always provisional.  Such rulings "are not binding on the trial judge [who] may always change his mind during the course of a trial."  Ohler v. United States, 529 U.S. 753, 758 n. 3 (2000).  Typically, the only thing that would cause a trial judge to change his mind is the presentation of evidence or argument that amounts to "opening the door," under the doctrine of "curative admissibility."  United States v. Morales-Quinones, 812 F.2d 604, 610 (10th Cir. 1987).

irrelevant.  Even if there were some minimal relevance to that fact, the possible probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.  Rule 403, F.R.Evid.

Evidence of *defendant's* good character.  In response to this point, defendant argues that "this entire trial is related to [defendant's] character" and that he "should not be precluded from asking questions about good qualities exhibited by Mr. Ware during his time as the second in command of the facility." Doc. no. 27, at 2, 3.  The court disagrees.  The issues presented by defendant's plea of not guilty to the charges in the indictment are much narrower.  Just as the government has no general license to present evidence tending to show that defendant is a bad person, the defendant is not entitled to present evidence, untethered to the issues of fact the jury will be called upon to decide, of his general good character.  Looking at it more narrowly, the government is not required to prove bad character as a trait pertinent to any of the counts in the indictment, so generalized testimony bearing on the defendant's character comes in only under Rule 608 (and subject to the strictures of that rule) if the defendant chooses to take the stand.  Accordingly, on this point, the motion is **PROVISIONALLY GRANTED**.

Evidence of *victims'* bad character.  On this point, the motion is **DENIED**, as a motion in limine.  The reason for this is that the motion gives the court no real guidance as to just what evidence the government wants the court to exclude.  *See*, Part G of the chambers rules of the undersigned.  That said, the court will give the parties some general guidance.  General evidence as to a victim's criminal background is inadmissible unless (i) the victim testifies and there is a basis for impeachment under the criteria specifically laid out in Rule 609, or (ii) some aspect of a victim's background is *clearly* shown to be relevant to the jury's evaluation of Mr. Ware's decisions relating to the events placed in issue by the allegations in the indictment.  The court says "*clearly*" because Rule 403 quickly comes into play

here.  The jurors will already assume that the victims were in the jail for some unflattering reason.  Beyond that, any unflattering evidence relating to a victim-witness will have to have a direct bearing on matters that are fair game for the jury's consideration in determining whether the government has proven these specific charges beyond a reasonable doubt.

<u>Failure to call an equally available witness</u>.  On this point, the motion is **DENIED**, as a motion in limine.  The propriety of this sort of argument depends on the actual context in which the argument is made.

B. <u>Government's Motion to Admit Rule 404(b) Evidence (doc. no. 20)</u>.

The motion is **GRANTED**.  In ruling on a Rule 404(b) issue, the court is obliged to "give the [challenged] evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." <u>United States v. Begay</u>, 497 F. Supp. 3d 1025, 1066 (D.N.M. 2020) (citing <u>United States v. Cerno</u>, 529 F.3d 926, 935 (10th Cir. 2008).  Even without the benefit of that lenient test, the admissibility of evidence of the previous incident–closely matching the allegations in Count Three–is clear. All of the Rule 404(b) prerequisites are satisfied: (i) the evidence is offered for a proper purpose (specific intent), (ii) it is relevant (highly probative of intent), and (iii) it clears the Rule 403 hurdle.  As for the potential for prejudice, the court certainly will give a limiting instruction, as requested by defendant (doc. no. 26, at 5).

Dated this 7th day of April, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0323p004  MIL ORDER .docx